**FILED**
**Nov 24, 2025**
**10:35 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT JACKSON

| | | |
|---|---|---|
| HARRY HEADLEY, | ) | **Docket No.: 2023-07-7479** |
| Employee, | ) | |
| v. | ) | **State File No.: 68020-2023** |
| ROADSTAR, LLC, | ) | |
| Employer, | ) | **Judge Robert Durham** |
| And | ) | |
| NATIONAL LIABILITY AND | ) | |
| FIRE INS. CO., | ) | |
| Insurer. | ) | |

---

## COMPENSATION HEARING ORDER DENYING BENEFITS

---

The Court held a Compensation Hearing on November 13, 2025, to determine whether Roadstar must pay medical and disability benefits for Mr. Headley's alleged June 29, 2023 work injury. Mr. Headley did not appear at the compensation hearing despite adequate notice. Thus, the Court dismisses Mr. Headley's claim with prejudice under Tennessee Rules of Civil Procedure Rule 41.02 for failure to prosecute his claim.

### History of Claim

Mr. Headley sought workers compensation benefits for an alleged work-related accident on June 28, 2023. The parties participated in a scheduling hearing on July 23, 2025, at which time they agreed to a deadline of October 30, 2025 to submit any proposed exhibits and witness lists for the compensation hearing set for November 13, 2025.

Mr. Headley did not submit any proposed exhibits or witness lists on or before October 30, nor did he submit a motion for continuance before the deadline expired. On November 10, Mr. Headley responded to an e-mail reminder about the compensation hearing by saying that he would not be able to get off work, and he asked for a "thirty-day notice" to allow him to find others to cover his job duties. The Court considered this response as a motion to continue and denied the motion that same day, reiterating that the compensation hearing would proceed as scheduled.

1

Mr. Headley did not appear for the compensation hearing on November 13, nor did he contact the Court to explain his absence. The Court adjourned the hearing at approximately 1:15 p.m.

**Findings of Fact and Conclusions of Law**

Mr. Headley failed to offer any evidence in support of his claim and did not appear for the compensation hearing. As a result, the Court dismisses his claim with prejudice to refiling for failure to prosecute under Rule 41.02(1) of the Tennessee Rules of Civil Procedure. This constitutes a final adjudication on the merits under Rule 41.02(3).

IT IS, THEREFORE, ORDERED:

1. Mr. Headley's claim for workers' compensation benefits is denied.

2. Roadstar shall also pay costs of $150.00 to the Court Clerk within five business days of this order becoming final.

3. Roadstar shall file with the Court Clerk a Statistical Data Form within ten business days of this order becoming final.

4. This Compensation Order is a final adjudication on the merits of Mr. Headley's claim. Unless appealed, it shall become final in 30 days.

**ENTERED November 24, 2025.**

_____
**ROBERT DURHAM, JUDGE**
**Court of Workers' Compensation Claims**

2

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on November 24, 2025.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Paul Headley | | | X | Paulheadley1895@gmail.com |
| Allen Callison | | | X | Allen.Callison@mgclaw.com |
| Emily Faulkner | | | X | Emily.Faulkner@mgclaw.com |

_____

**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**

3



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on_____   ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*